UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
DAVID E. SIMAI
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

     -against-


EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.
GREEN DOT CORPORATION
D/B/A GREENT DOT BANK


                        Defendants.

-------------------------------------------------------------

## COMPLAINT FOR VIOLATIONS OF THE FCRA

### *Introduction*

1. Plaintiff David E. Simai seeks redress for the illegal practices of Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Green Dot Corporation in violation of the Fair Credit Reporting Act (FCRA).

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a et. seq.

4. Upon information and belief, Defendant Equifax's principal place of business is located in Atlanta, Georgia.

5. Upon information and belief, Defendant Experian Information Solutions, Inc.'s principal place of business is located in Costa Mesa, California.

6. Defendants are both considered a "Consumer Reporting Agency" (CRA) as defined by 15 U.S.C. 1681a(f) et. seq.

7. Defendant Green Dot Corporation is a furnisher of credit with its principal place of business in Austin, Texas.

### *Jurisdiction and Venue*

8. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

9. All conditions precedent to the bring of this action have been performed.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to David E. Simai*

11. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants, and has suffered particularized and concrete harm.

12. On or about October 28, 2024 Plaintiff dispute the Green Dot Bank entry with Equifax and Experian via mail.

13. Plaintiff asserted in the said letter that the account with Green Dot Bank was due to identity theft.

14. Plaintiff indicated that he had complained to Green Dot Bank two years prior about the identity theft but nothing was done.

15. Plaintiff was told by his mortgage broker he could not get the best mortgage rate on a refinance on his home and other properties due to the Green Dot Bank entry on his credit reports.

16. Plaintiff set forth that he attempted to contact Green Dot bank recently but was not treated well on the telephone and the bank did not seem interested in helping the Plaintiff resolve the issue.

17. Upon information and belief, the letters were received by Equifax and Experian and forwarded to Green Dot Bank.

18. The letters contained the Plaintiff's name, address and social security number.

19. This information is certainly sufficient for Green Dot Bank to have investigated the matter.

20. Upon information and belief, Equifax did not correct the entry and delete same.

21. Experian notified the Plaintiff that it was investigating the matter.

22. Experian ultimately provided the Plaintiff with a copy of his credit report.

23. The Experian report concerning Green Dot Bank states: IF ACCOUNT WAS OPENED AS A RESULT OF IDENTITY THEFT, THE CREDIT GRANTOR MAY NOT KNOW HOW TO CONTACT YO UTO DISCUSS THIS MATTER. THE CREDIT GRANTOR REQUESTS THAT YOU CONTACT THEM DIRECTLY 8554591334.

24. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010).

25. Defendants violated § 1681i(c) of the FCRA, since Plaintiff disputed the accuracy of the above-mentioned information in Plaintiff's credit file, Defendant Experian may not have investigated the matter with Green Dot Bank.

26. Experian does not set forth that Green Dot Bank attempted to contact the Plaintiff.

27. Experian sets forth that Green Dot Bank may not know how to contact the Plaintiff.

28. The Plaintiff set forth in his letter that Green Dot Bank was not cooperative in helping the Plaintiff with the issue of identity theft.

29. It is unreasonable for Experian to take such a position that the Plaintiff should contact Green Dot Bank.

30. Experian has a duty to investigate the matter.

31. Experian has failed to do so.

32. The Defendants' subsequent and respective reinvestigations of the item failed to resolve the dispute.[1]

33. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

34. Inaccurate information was included in the Plaintiff's credit report.

35. The inaccuracy was due to the Defendants' failure to follow reasonable procedures to assure maximum possible accuracy.[2]

---

[1] Dixon-Rollins v. Experian Info. Sols., Inc., 753 F. Supp. 2d 452, 465 (E.D. Pa. 2010) ("Trans Union's failure to properly reinvestigate *Dixon-Rollins's* dispute was not an isolated incident. Indeed, it has repeatedly failed to carry out its statutory duty despite the rejection of the same argument it now repeats and admonishments that its reinvestigations were deficient. In 1997, the Third Circuit instructed Trans Union that it may not just repeat information it receives from the original source, but must do more to verify the credit information. *Cushman*, 115 F.3d at 225. **Since *Cushman* was decided, Trans Union has been repeatedly warned of its statutorily required obligation in conducting a reinvestigation**, *see e.g., Krajewski*, 557 F. Supp. 2d at 616; *Crane*, 282 F. Supp. 2d at 320; *Lawrence*, 296 F. Supp. 2d at 589; *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1083 (D. Or. 2007) (**Trans Union must do more than parrot information received by original source**); *Lambert v. Beneficial Mortgage Corp.*, No 05-5468, 2007 U.S. Dist. LEXIS 33119, 2007 WL 1309542, at *2 (W.D. Wash. May 4, 2007) (in certain circumstances a consumer reporting agency may need to verify the accuracy of its initial source of information) (citations omitted), and found liable for noncompliance. *See, e.g., Mullins v. Equifax Info. Servs., LLC*, No. 05-888, 2007 U.S. Dist. LEXIS 62912, 2007 WL 2471080, at *7 n. 11 (E.D. Va. Aug. 27, 2007). Thus, **because Trans Union has been warned of its inadequate reinvestigation practices in prior cases, it may be considered a repeat FCRA offender**. *See Willow Inn, Inc., v. Public Serv. Mut. Ins. Co.*, 399 F.3d 224, 232 (3d Cir. 2005) (recidivist behavior relates to Defendants's conduct as to non-parties).") (emphasis added)

[2] Saindon v. Equifax Info. Serv., 608 F. Supp. 2d 1212, 1217 (N.D. Cal. 2009) ("In its motion and declarations, [Equifax] does lay out a string of application procedures that include both automated and manual checks by the agency. But giving all reasonable inferences to the plaintiff, the monitoring and reinvestigation procedures could be seen as quite limited. The procedures could be seen by a jury as merely basic automated checks that catch missing data fields on submitted forms, which do not go to the heart of whether a source of information is trustworthy. For example, when a consumer files a complaint contesting the accuracy of an item on his or her credit report, the sole action taken by Equifax is to contact the source of the information to verify if it is accurate. If the source says that it is, the inquiry ends . . . This does virtually nothing to determine the actual credibility of the source—which is what plaintiff asserts is lacking—or so a jury could reasonably conclude. While Defendants does have some procedures

36. The Plaintiff suffered injury.

37. As a result of the Defendants' conduct, Plaintiff suffered further actual damages in one or more of the following categories: lower credit score, lower credit capacity, denial of credit, embarrassment and emotional distress caused by the inability to refinance properties as a lower interest rate.

38. At all times pertinent hereto, Defendants was acting by and through their respective agents, servants and/or employees, who were acting within the scope and course of its employment, and under the direct supervision and control of the Defendants herein.

39. At all times pertinent hereto, the conduct of the Defendants, as well as that of their respective agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

40. Discovery of the violations brought forth herein began and occurred in the month of October and November, 2024, and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681i et. seq.*

**Failure to Conduct Reasonable Investigation and Maintain Reasonable Accuracy**

41. Prior to the commencement of this action, Plaintiff disputed certain information about a Green Dot Bank fraudulent account on Plaintiff's Experian and Equifax consumer credit reports.

---

that include a manual review of some disputes, a jury could reasonably find that almost none of the procedures include a review of the integrity of the information source itself. "), Sharf v. TransUnion, L.L.C., 2015 WL 6387501 (E.D. Mich. Oct. 22, 2015) (student loan servicer willfully violated FCRA by failing to conduct any investigation, deferring entirely to lender to determine accuracy), Saenz v. Trans Union, L.L.C., 2007 WL 2401745, at *7 (D. Or. Aug. 15, 2007) (when CRA is on notice that information is suspect, "it is not reasonable for the [CRA] simply to verify the creditor's position without additional investigation") White v. Trans Union, 462 F. Supp. 2d 1079 (C.D. Cal. 2006) (rejecting argument that confirmation of the accuracy of information from its original source is a reasonable inquiry as a matter of law)

42. Upon information and belief, Experian and Equifax subsequently notified the Plaintiff that they would investigate the said dispute.

43. Defendants' investigation process did not live up to the standards of the Federal Trade Commission in the matter of <u>U.S. v. Performance Capital Mgmt.</u> (Bankr. C.D. Cal. Aug. 24, 2000).

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

   a) Actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

   b) Actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

   c) Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

   d) Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

   e) Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

   f) Actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

   g) Statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   h) Attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

   i) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper

## AS AND FOR A SECOND CAUSE OF ACTION
*(New York Fair Credit Reporting Act re Experian and Equifax)*

44. Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

45. Defendants failed to delete information found to be inaccurate, reinserted the information without following the NY FCRA, or failed to properly investigate Plaintiff's disputes.

46. Defendants failed to promptly re-investigate and record the current status of the disputed information and failed to promptly notify the consumer of the result of its investigation, its decision on the status of the information, and his rights pursuant to this section in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(a).

47. Defendants failed to clearly note in all subsequent consumer reports that the account in question is disputed by the consumer in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(c)(3).

48. As a result of the above violations of the N.Y. FCRA, Defendants are liable to the Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendants and award damages as follows:

    a) Actual, statutory, and punitive damages for Defendants' violations of the N.Y. FCRA;

    b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
February 5, 2025

    /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

    /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)